PEOPLE v. SUTTON.

1. CRIMINAL LAW—PROBATION—STATUTES—AMENDMENT.
   The granting of probation in criminal cases is subject to the
   provisions of the code of criminal procedure authorizing the
   court to alter and amend it both in form and substance (3
   Comp. Laws 1929, § 17372).

2. SAME—ORDER OF PROBATION.
   A probationary order must be definite and certain in its provi-
   sions and must be sufficiently clear to enable the probationer
   to know what he is required to do in order to comply with it
   (3 Comp. Laws 1929, § 17372).

3. SAME—ORDER OF PROBATION—AMBIGUITY.
   An order of probation concerns the criminal law of the State
   and, if ambiguous, may not be construed against the proba-
   tioner (3 Comp. Laws 1929, § 17372).

4. SAME—ORDER OF PROBATION—ALTERATION.
   An order of probation may not be altered, modified or extended,
   except by the court acting pursuant to express statutory au-
   thority, an authority not delegable to others nor one which
   may be assumed by them (3 Comp. Laws 1929, § 17372).

5. SAME—ORDER OF PROBATION—PAYMENT OF FINE AND COSTS.
   Under a two-year order of probation requiring defendant to
   pay $350 fine and costs beginning on a specified date and
   monthly thereafter until paid, all on or before the end of the
   two-year period, payment of the total amount specified on
   or before such terminal date would constitute compliance
   therewith (3 Comp. Laws 1929, § 17372).

6. SAME—ORDER OF PROBATION—REVOCATION—SUGGESTIONS OF PRO-
   BATION OFFICER.
   An order revoking an order of probation may not be sustained
   because of the defendant's failure to comply with suggestions

REFERENCES FOR POINTS IN HEADNOTES
[1–7] 15 Am. Jur., Criminal Law, § 498.
[8] 15 Am. Jur., Criminal Law, § 496.

made to him by the probation officer, supplementary to, but not within, the terms of the order of probation (3 Comp. Laws 1929, § 17372).

7. SAME—PROBATION—REPORTS—TRANSFER OF OVERSIGHT.
  Where order of probation required the defendant to make reports to the "probation officer hereinafter designated" and none was designated, the order of probation was not violated for defendant's failure to make report to officer in county where sentenced in view of rather definite understanding that probationary oversight was to be transferred to another county (3 Comp. Laws 1929, § 17372).

8. SAME—ORDER OF PROBATION—REVOCATION—PETITION.
  The validity of order revoking an order of probation must be determined according to the petition for revocation where the order of revocation was expressly based on the grounds alleged in the petition, failure to report and make payments on fine and costs, and not on the basis of defendant's attitude or the possibility of his re-engaging in criminal conduct, which latter grounds were not alleged (3 Comp. Laws 1929, § 17374, as amended by Act No. 246, Pub. Acts 1947).

Appeal from Presque Isle; Wilcox (Arthur W.), J. Submitted June 17, 1948. (Docket No. 79, Calendar No. 44,090.) Decided September 8, 1948.

Elmer Sutton was convicted of taking indecent liberties with a minor female child. Order of probation revoked. Defendant appeals. Reversed and remanded for further proceedings.

*Louis G. Jarboe,* for appellant.

*Eugene F. Black,* Attorney General, and *Frederick P. Hempel,* Prosecuting Attorney, for the people.

CARR, J. Defendant was arraigned in the circuit court of Presque Isle county on an information charging the taking of indecent and improper liberties with the person of a female child under the age of 16 years without committing or intending to

commit the crime of rape, in violation of Act No. 328, § 336, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–336, Stat. Ann. § 28.568). To such charge he pleaded guilty and his plea was accepted. Following the arraignment he was placed on probation for a period of two years and, in addition to the statutory terms and conditions, was ordered to pay the sum of $350 by way of fine and costs and to make monthly reports as directed by said order. The proceedings in question occurred on June 12, 1947.

In December, 1947, a petition was filed by Alton H. Cowan, the field supervisor or probation officer for the Michigan corrections commission for the judicial circuit in which the county of Presque Isle is situated, alleging that defendant had violated the terms of his probation by failing to make payments in accordance with the terms of the order and also by failing to make monthly reports as therein provided. Following the hearing on such petition, the order of probation was revoked and defendant was sentenced to State's prison for not more than 10 years nor less than $2\frac{1}{2}$ years. On leave granted he has appealed, asking that the sentence be set aside and seeking also the reversal of the order revoking his probation.

The question at issue is whether the provisions of the order with reference to the fine and costs to be paid by defendant and the reports to be made by him, are sufficiently specific to justify the revocation of probation. The provisions of the order material to the present inquiry are as follows:

"And the court having decided to place the defendant on probation, it is ordered that in addition to the statutory terms and conditions of the two-year period of probation hereby imposed, that the respondent pay a fine of $300 and $50 costs beginning August 1, 1947, and monthly thereafter until such

fine and costs are paid, all to be paid on or before June 12, 1949.   *   *   *

"And further said respondent do report monthly to the probation officer hereinafter designated."

Defendant emphasizes the failure of the order to specify the amount to be paid by him each month and also the statement that his reports should be made to the probation officer "hereinafter designated." It is pointed out that the order as made and entered did not designate specifically a probation officer and that no amendment to the order was thereafter made by the court. It is argued also that the making of a merely nominal payment each month would constitute a compliance with the order as drawn, that failure to make such nominal payment should not be regarded as of sufficient materiality to justify revocation of the probation, and that payment of the amount specified on or before June 12, 1949, will satisfy the order as made.

At the hearing before the trial court on the petition for the revocation of defendant's probation, Mr. Cowan was called as a witness for the people and testified that in September, 1947, he interviewed defendant and that they discussed at some length the terms and conditions of the probationary order. It is a fair conclusion that Mr. Cowan did not construe said order as requiring defendant to make a monthly payment in any certain or specific amount. His testimony justifies the conclusion that he advised defendant, in substance, that such payments in reasonable amounts should be made. However, the court was not asked to modify the order in any way and obviously Mr. Cowan recognized that as probation officer or field supervisor for the State corrections commission he had no authority to do so. He further advised defendant that no report for the month of September was necessary to be made, and he was uncertain as to whether he gave defend-

.ant any blanks for future reports. At the time defendant was placed on probation the record indi- .cates there was some discussion with reference to transferring probationary oversight to Oakland county. With reference to this matter the trial judge stated in open court:

"And as I understand it, the defendant is not .going to be in this county much more, but will be in Highland. Will the county probation department make proper arrangements for transferring this to Oakland county?"

In answer to the court's suggestion and question the prosecuting attorney replied in the affirmative. Mr. Cowan indicated in his testimony that he dis- .cussed with defendant the matter of probationary .oversight, indicating that action for the transfer would be taken. Testifying in his own behalf before the trial court, defendant contended that he was uncertain to whom he should make reports under the court order.

On behalf of the people it is insisted that the .order of probation was sufficiently certain to require defendant to make payments to the county clerk .and also to make reports to Mr. Cowan. In sub- :stance it is charged that there was not a proper :spirit of cooperation on defendant's part. Empha- sis is placed on the failure of defendant to comply fully with the suggestions made to him by Mr. Cowan, and also on statements made by him on the hearing indicating that he felt that he was being improperly harassed by the proceedings to revoke the probationary order. Defendant's conduct, it is .claimed, indicated an.improper attitude on his part with reference to the proceedings against him.

The granting of probation in criminal cases is subject to the provisions of chapter 11 of the code of criminal procedure, Act No. 175, Pub. Acts 1927,

as amended.* Section 2 of said chapter (3 Comp. Laws 1929, § 17372 [Stat. Ann. § 28.1132]) contains the following provision:

"The court shall by order, to be filed or entered in the cause as the court may direct by general rule or in each case fix and determine the period and conditions of probation and such order, whether it is filed or entered, shall be considered as part of the record in the cause and shall be at all times alterable and amendable, both in form and in substance, in the court's discretion."

This provision and other pertinent provisions of the statute clearly contemplate that a probationary order shall be definite and certain in its provisions. It must be sufficiently clear to enable the probationer to know what he is required to do in order to comply with it. It concerns the administration of the criminal law of the State. It may not, if ambiguous, be construed against the probationer. It may not be altered, modified or extended, except by the court acting pursuant to the authority expressly granted by the statute. Such authority may not be delegated to others, nor may it be assumed by them. In *People* v. *Good,* 287 Mich. 110, it was held that a provision of an order requiring probationer to make restitution in a specified amount, payable "as determined by the probation department," was invalid, on the ground that the authority vested in the court could not be delegated. In commenting on the situation presented, it was said:

"The court should in any event include within its order the specific purpose, terms and conditions of the payment of money by a defendant if such payment is made a condition of probation."

---

* Amended by Act No. 308, Pub. Acts 1931, Act No. 256, Pub. Acts 1937, Act No. 252, Pub. Acts 1939, Act No. 286, Pub. Acts 1939, Act No. 5, Pub. Acts 1945, Act No. 246, Pub. Acts 1947 (3 Comp. Laws 1929, § 17371 *et seq.* [Comp. Laws Supp. 1940, 1945, § 17371 *et seq.,* Stat. Ann. and Stat. Ann. 1947 Cum. Supp. § 28.1131 *et seq.*).

Further indicating the construction that this Court has placed on the provisions of the statute relating to probation in criminal cases, is *People* v. *George,* 318 Mich. 329. It was there held that the revocation of an order of probation, based on the violation of an alleged condition thereof not prescribed by statute or otherwise included in the order as entered or filed, was improper. See, also, *In re Bobowski,* 313 Mich. 521; *People* v. *Pippin,* 316 Mich. 191. Under the statutory provisions relating to the matter and the interpretation thereof as indicated in prior decisions of this Court, it must be said that the order imposing probation on defendant did not require him to make any specific monthly payment on the aggregate of the fine and costs required to be paid. Under the order as filed or entered, the payment of the total amount specified on or before June 12, 1949, will constitute compliance therewith. As before noted, such order has not been modified or amended in any way by the court. The revocation of the order may not be sustained because of defendant's failure to comply with the suggestions made to him by Mr. Cowan. Rather, defendant was entitled to rely on the order itself with reference to his duty to make payment of the fine and costs imposed on him.

If the order of probation had merely required defendant to make reports to the probation officer as specified in the statute, the claim of the people that defendant should have reported to the acting probation officer of the circuit would be well founded. However, said order required reports to the "probation officer hereinafter designated." The language clearly implies that the court intended to designate in the order the officer who should exercise probationary oversight over defendant. This is perhaps explained by the colloquy, to which reference is above made, between the trial judge and the prose-

cuting attorney, during the discussion in open court
following the acceptance of defendant's plea to the
information. It is a fair inference that there was a
somewhat definite understanding, at the time, that
probationary oversight would be transferred to Oak-
land county. Mr. Cowan's testimony at the hearing
on the matter of the revocation of the probationary
order indicates that he understood that an arrange-
ment of the character in question was contemplated.
The situation is that the order of probation as it
now stands is so worded as to indicate an intention
on the part of the court to make a specific designa-
tion with reference to the officer who should exer-
cise probationary oversight over defendant. No
such designation having been made, it cannot be
said that defendant violated the order by not making
his reports to Mr. Cowan.

As before noted, the petition for revocation of the
order of probation, filed by Mr. Cowan, sought such
action on the part of the court solely because of the
failure to make monthly payments and to make re-
ports. The order for such revocation was expressly
based on the grounds alleged in the petition and its
validity must be determined accordingly. It is un-
necessary to consider whether, as suggested in the
people's brief, revocation might have been sought
on the basis of defendant's alleged attitude, above
mentioned, or the possibility of his again engaging
in criminal conduct. Act No. 246, Pub. Acts 1947,
amending 3 Comp. Laws 1929, § 17374 (Stat. Ann.
1947 Cum. Supp. § 28.1134), expressly requires that
when the revocation of an order of probation is
sought the probationer "shall be entitled to a written
copy of the charges against him which constitute
the claim that he violated his probation, and shall
be entitled to a hearing thereon." This requirement
was observed in the instant case. As clearly con-
templated by the statute, the hearing was held with

reference to the charges set forth in the petition for revocation. The order was based on the finding of the court with reference to such charges. The issue here involved must be determined on the basis of the record that is before us.

The order revoking defendant's probation, and the sentence imposed on him, are vacated and set aside, and the case is remanded to the circuit court for such further proceedings as may be found expedient.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.