PEOPLE v DAVIS

OPINION OF THE COURT

1. PARDON AND PAROLE—PROBATION—PROBATION REVOCATION—
   COURTS—JURISDICTION—ROBBERY—ARMED ROBBERY—STATUTES.

   The offense of "robbery while armed" since September 5, 1927
   has been deemed by the Legislature to be one upon which
   probation could not be granted; placing of defendant, convicted
   of armed robbery, on probation was a void act as the judge had
   no statutory authority to do so, indeed placing defendant on
   probation was a violation of the legislative mandate, thus, the
   trial court had no jurisdiction to summon defendant before the
   court for the revocation of his probation where defendant could
   not really have violated his probation because in law that
   probation and its terms are non-existent (MCLA 771.1).

2. ROBBERY—ARMED ROBBERY—REMAND—SENTENCES—PARDON AND
   PAROLE.

   Case should be reversed and remanded for sentencing because the
   matter returns to the status quo ante, or with defendant being
   ready for sentencing, where the purported placing of defendant
   on probation after his conviction of armed robbery was a
   nullity.

3. PARDON AND PAROLE—PROBATION—STATUTES—MURDER—TREASON
   —ROBBERY—ARMED ROBBERY.

   Defense, that a defendant is not guilty of probation violation
   because he was put on probation for robbery while armed and
   that is a void act and a violation of the legislative mandate,
   may be raised only in future cases and in pending cases where
   defendants timely contest and are presently contesting being
   placed on probation in violation of the statute giving a clear
   mandate to the trial bench on the granting of probation, except
   for murder, treason, and robbery while armed (MCLA 771.1).

REFERENCES FOR POINTS IN HEADNOTES
[1–8] 21 Am Jur 2d, Criminal Law §§ 563, 567, 568.
   Imposition or enforcement of sentence which has been suspended
   without authority, 141 ALR 1225.

Opinion Concurring in Part and Dissenting in Part

T. G. Kavanagh and Levin, JJ.

4. Pardon and Parole—Probation—Robbery—Armed Robbery—
Statutes—Appeal and Error—District and Prosecuting At-
torneys—Attorney General—Leave to Appeal.

*Michigan Supreme Court should not attempt to decide the ques-
tion of whether placing a person convicted of armed robbery on
probation is contrary to a statute except at the instance of
someone who may properly be heard to complain, a prosecuting
attorney or the Attorney General; the Court should not so
decide in a case where leave was granted for another reason
(MCLA 771.1).*

5. Pardon and Parole—Probation—Sentences—Robbery—Armed
Robbery—Statutes.

*Having accepted, without appeal, in lieu of a sentence to state
prison, the trial court's judgment placing him on probation,
defendant cannot properly be heard to claim that the statute
providing that a defendant found guilty may be placed on
probation does not authorize a probationary sentence for a
person convicted of armed robbery (MCLA 771.1).*

6. Pardon and Parole—Probation—Sentences—Robbery—Armed
Robbery—Judgment—Probation Violation.

*Judgment imposing probationary sentence for armed robbery,
whether valid or invalid, is final where the only persons, the
prosecuting attorney and the Attorney General, who might be
heard to seek relief from that judgment do not complain and
the Michigan Supreme Court cannot properly, sua sponte,
revise or vacate that final judgment; defendant cannot now
properly be sentenced for armed robbery unless he is guilty of
probation violation.*

7. Pardon and Parole—Probation—Probation Violation—Notice
—Attorney and Client—Indigency—Hearing—Evidence—
Appeal and Error.

*A person charged with probation violation is entitled to notice of
the charges against him, to an opportunity to retain counsel or,
if indigent, to the appointment of counsel at public expense, to
a hearing, to be confronted with the evidence against him and
an opportunity to present rebuttal evidence, and to a determi-
nation of the judge, after argument of counsel, on the evidence,
and to appellate review of that determination.*

8. PARDON AND PAROLE—PROBATION—PROBATION VIOLATION—HEAR-
     ING—NOTICE—COSTS—WITNESSES.

> The charge of parole violation which alleged a failure to have
> paid more than $10 on $240 of court costs was too dated, the
> hearing too attenuated, to support a judgment convicting de-
> fendant of probation violation and a sentence to state prison
> and it should be reversed where the notice of violation was first
> delivered to defendant the day before the hearing, almost 19
> months after its issuance and, although defendant claimed he
> had paid $200 and that his wife and brother could substantiate
> his claim of cash payment, the judge, relying on a 19-month old
> record of payment of only $10, convicted him without further
> ado; no further check was made of the record, nor was defend-
> ant given an opportunity to call witnesses.

Appeal from Court of Appeals, Division 1, Hol-
brook, P. J., and T. M. Burns and Fitzgerald, JJ.,
denying application for leave to appeal from Re-
corder's Court of Detroit, George W. Crockett, Jr.,
J. Submitted November 7, 1973. (No. 8 November
Term 1973, Docket No. 54,515.) Decided August 2,
1974.

Odell Davis was convicted of armed robbery and
placed on probation. Probation revoked. Defend-
ant's application for leave to appeal to the Court
of Appeals denied. Defendant appeals. Reversed
and remanded to recorder's court for sentencing.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Edward R. Wil-
son,* Assistant Prosecuting Attorney, for the peo-
ple.

*Carl Ziemba,* for defendant on appeal.

WILLIAMS, J. The dispositive issue in this case is
whether the trial judge had authority to place

defendant, who was convicted of armed robbery,
on probation.

## I —FACTS

Defendant was found guilty by the court sitting
without a jury of robbery armed on July 10, 1969.
The court placed defendant on probation for a
period of three years, the terms of which required
defendant to serve the first six months in the
Detroit House of Correction and to pay costs of
$240 within a year after his sentence was com-
pleted and that he pay restitution in the amount
of $100 during the first six months after release
from Dehoco. Probation was imposed on August 7,
1969. On October 2, 1970, a warrant for probation
violation was issued against defendant.

On April 26, 1972, defendant appeared in record-
er's court for a hearing on violation of probation.
The court offered to appoint a lawyer for defend-
ant but he said he did not want a lawyer. The
court stated that according to the October 2, 1970
notice of probation violation the defendant had
paid only $10 in court costs and nothing in restitu-
tion and that the judge had been informed that
there was pending against the defendant a new
charge of robbery armed in recorder's court. De-
fendant had received a copy of this notice of
probation violation the day before the hearing.

At the hearing the following exchange took
place between the judge and the defendant:

"*The Court:* You understand what this is all about?
"*The Defendant:* Not really.
"*The Court:* I can't hear you.
"*The Defendant:* Not really.
"*The Court:* What is it you do not understand?
"*The Defendant:* About the costs. The $10.00 costs.

*"The Court:* Don't you remember when you were before me the last time and you were found guilty of armed robbery?

*"The Defendant:* Yes.

*"The Court:* And at that time I placed you on probation. Actually when you are convicted of armed robbery you are really not a candidate for probation. But I placed you on probation and required that you do six months at the Detroit House of Correction. At the same time I ordered that you reimburse the people from whom you had stolen the money. And I also assessed court costs. Now are you telling me now that you didn't understand any of that?

*"The Defendant:* Yes, I understood it, but when— when the probation officer told me I could stay over in Lansing, you know, I was sending money by mail, you know. And it was sent.

*"The Court:* How much did you send?

*"The Defendant:* I sent two hundred even.

*"The Court:* Have you got any proof of that?

*"The Defendant:* Just my wife and my brother.

*"The Court:* Have you got any money order stubs, anything like that, canceled checks?

*"The Defendant:* No.

*"The Court:* Who did you send it by?

*"The Defendant:* I sent it through the mail.

*"The Court:* In cash?

*"The Defendant:* Yes.

*"The Court:* Well, our records indicate that you paid only $10.00.

*"The Defendant:* Yeah. That's what they told me yesterday.

*"The Court:* So you are in violation of your probation."

The court found defendant guilty of violating his probation. Probation was revoked and defendant was committed to the State Corrections Commission for a period of not less than 7-1/2 years and not more than 15 years. The Court of Appeals

denied leave November 24, 1972. We granted leave
to appeal on March 15, 1973. 389 Mich 776.

## II —STATUTORY AUTHORITY FOR PLACING
## DEFENDANT ON PROBATION

The Legislature has given a clear mandate to
the trial bench on the granting of probation.
MCLA 771.1; MSA 28.1131 provides in part:

"In all prosecutions for crimes or misdemeanors,
*except* murder, treason, and *robbery while armed,*
where the defendant has been found guilty upon verdict
or plea, and where it appears to the satisfaction of the
court that the defendant is not likely again to engage in
an offensive or criminal course of conduct and that the
public good does not require that the defendant shall
suffer the penalty imposed by law, the court may place
the defendant on probation under the charge and super-
vision of a probation officer."[1] (Emphasis added.)

This Court has recognized that the source of
probation authority is legislative:

"The granting of probation in criminal cases is sub-
ject to the provisions of chapter 11 of the code of
criminal procedure, Act No. 175, Pub. Acts 1927, as
amended." *People v Sutton,* 322 Mich 104, 108–109; 33
NW2d 681, 683 (1948).
"The authority of the court must be found in the
statute." *People v Marks,* 340 Mich 495, 498; 65 NW2d
698, 700 (1954).

Therefore the placing of defendant, convicted of
armed robbery, on probation in this case was a
void act as the judge had no statutory authority to

[1] Since 1927 PA 175, ch XI the offense of "robbery while armed"
has been deemed by the Legislature to be one upon which probation
could not be granted.

do so. Indeed placing defendant on probation was a
violation of the legislative mandate. It follows then
that defendant could not really have violated his
probation because in law that probation and its
terms are non-existent. Thus the trial court had no
jurisdiction to summon defendant before the court
for the revocation of his probation. If the defend-
ant had not been on probation, he would never
have come before the court for a violation of the
terms of probation which led to the imposition of
the sentence.

Since the purported placing of defendant on
probation was a nullity, the matter returns to the
status quo ante, or with the defendant being ready
for sentencing. As a consequence the matter is
reversed and remanded to recorder's court for
sentencing.

We hold that the defense employed in this case
may be raised only in future cases and in pending
cases where defendants timely contested and are
presently contesting being placed on probation in
violation of MCLA 771.1; MSA 28.1131.

As already noted, the case is reversed and re-
manded to recorder's court for sentencing.

T. M. KAVANAGH, C. J., and SWAINSON and M. S.
COLEMAN, JJ., concurred with WILLIAMS, J.


LEVIN, J. *(concurring in part; dissenting in part).*
We granted leave to appeal because we saw merit
in the defendant's contention that the procedures
followed in the revocation of his probation were
not in accord with the statute and due process of
law. The majority does not reach this issue but,
rather, disposes of the case on another issue raised
by defendant which, in my opinion, he has no
standing to raise.

I

Sixty years ago the Legislature enacted that a person convicted of armed robbery may not be placed on probation. Yet in the intervening years the practice developed of imposing sentences other than to state prison.

In a recent year 43 of the 75 persons convicted of armed robbery were not sentenced to state prison. Odell Davis, in lieu of a sentence to state prison, was sentenced to serve six months in the county jail and placed on three years probation.

The 43 persons not sentenced to state prison in that one year were sentenced by 8 judges in the circuit courts of Wayne, Oakland, Jackson, Genesee and Ingham Counties and by at least 7 recorder's court judges. We are informed that this was not an atypical year.

These judges who do not sentence some persons convicted of armed robbery to state prison would, no doubt, defend this practice not only in human and practical terms but on legal grounds as well. We ought not easily to assume that the literal meaning apparent to some of us is the only possible meaning.

On full adversary presentation we may, indeed, conclude that this diversion from the rigors of state prison is contrary to the statute, but we should not attempt to decide that question except at the instance of someone who may properly be heard to complain—a prosecuting attorney or the Attorney General. We should not so decide in a case where leave was granted for another reason; we should not reach out to decide this question although it may seem to be poetic justice to hoist this defendant—and others who may be affected by this decision—by his misaimed petard.

## II

Odell Davis was convicted of armed robbery and placed on probation. He appeals from a judgment convicting him of probation violation and a sentence to state prison on the original armed robbery conviction.

Having accepted, without appeal, in lieu of a sentence to state prison, the trial court's judgment placing him on probation, Davis cannot properly be heard to claim that the statute does not authorize a probationary sentence for a person convicted of armed robbery. MCLA 771.1; MSA 28.1131.

Neither the prosecutor nor the Attorney General cross-appealed from the judgment placing Davis on probation or from the subsequent order of the Court of Appeals denying Davis's application for leave to appeal the judgment of probation violation. They have not complained on brief or during oral argument that the judge erred in placing Davis on probation.

There is, thus, no need to discuss the validity of the probationary sentence. Whether valid or invalid, the judgment imposing that sentence is final. The only persons, the prosecuting attorney and the Attorney General, who *might* be heard to seek relief from that judgment do not complain. We cannot properly, *sua sponte,* revise or vacate that final judgment. Davis cannot now properly be sentenced for armed robbery unless he is guilty of probation violation.

## III

A person charged with probation violation is entitled to notice of the charges against him, to an opportunity to retain counsel or, if indigent, to the appointment of counsel at public expense, to a

hearing, to be confronted with the evidence against him and an opportunity to present rebuttal evidence, and to a determination of the judge, after argument of counsel, on the evidence, and to appellate review of that determination.

Davis was placed on probation on August 7, 1969. Notice of probation violation was filed over a year later, October 2, 1970. It appears that the notice of violation was first delivered to Davis on April 25, 1972, the day before the hearing, almost 19 months after its issuance. The prosecutor does not claim that a diligent effort earlier to serve the notice was unavailing.

The violation alleged a failure to have paid (as of October 2, 1970) more than $10 on $240 of court costs. Although Davis claimed he had paid $200 and that his wife and brother could substantiate his claim of cash payment, the judge, relying on a 19-month old record of payment of only $10, convicted Davis without further ado. No further check was made of the record. Nor was Davis given an opportunity to call witnesses.

The charge was too dated, the hearing too attenuated, to support a judgment convicting Davis of probation violation and a sentence to state prison.

Davis's conviction of probation violation should be reversed. There is nothing left to remand to the trial court. Davis cannot properly be convicted on the basis of a notice of probation violation served 19 months after its issuance, there being no showing that the failure to earlier serve the notice was attributable to Davis. Nor may he be resentenced for armed robbery unless he is properly convicted of probation violation.

T. G. KAVANAGH, J., concurred with LEVIN, J.

J. W. FITZGERALD, J., did not sit in this case.