PEOPLE v LARKINS

PEOPLE v JETER

PEOPLE v BARNES

Docket Nos. 73914, 73915, 74440. Submitted January 15, 1985, at Detroit.—Decided March 20, 1985.

Ricky C. Larkins, Stephen Jeter, and Erik Barnes were each convicted of armed robbery following a bench trial in Detroit Recorder's Court, Evelyn K. Cooper, J., and each was sentenced to a term of 5 years' probation with the first 90 days to be served in jail. The prosecution appeals the three sentences. The appeals have been consolidated. *Held:*

1. The prosecution has no authority to appeal the sentencing order. However, because review was clearly warranted in this case, the Court of Appeals exercised its discretionary authority under the court rules and considered the prosecution's claim of appeal as a complaint for an order of superintending control.

2. The trial court had no statutory authority to place defendants on probation. Therefore, the placing of defendants on probation was a void act, a nullity which returns the matter with respect to each defendant to the status quo before sentencing. As a consequence, each sentence is reversed with a remand for new sentencing.

Reversed and remanded.

1. CRIMINAL LAW — SENTENCING — APPEAL — PROSECUTING ATTORNEYS.

A prosecutor has no express authority to appeal from sentences, valid or invalid.

2. ROBBERY — ARMED ROBBERY — SENTENCING — PROBATION.

A trial court has no statutory authority to place defendants convicted of armed robbery on probation; placing such defendants on probation is a void act, a nullity which returns the matter to the status quo before sentencing and requires subsequent sentencing of the defendants (MCL 771.1[1]; MSA 28.1131[1]).

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for Ricky C. Larkins.

*Norman R. Robiner,* for Stephen Jeter.

*Robert L. McClinton,* for Erik Barnes.

Before: T. M. Burns, P.J., and V. J. Brennan and W. A. Porter,* JJ.

Per Curiam. Following a bench trial, defendants, Ricky C. Larkins, Stephen Jeter, and Erik Barnes were convicted of armed robbery, MCL 750.529; MSA 28.797. Each defendant was sentenced to a term of 5 years' probation with the first 90 days to be served in jail. The prosecutor now appeals the sentences imposed by the trial court.

A prosecutor has no right to appeal outside the express provisions of MCL 770.12; MSA 28.1109. *People v Cooke,* 419 Mich 420; 355 NW2d 88 (1984). Since the Legislature provided no express authorization for appeals by the prosecution from sentences, valid or invalid, the prosecution has no authority to appeal the trial court's sentencing order in this case. *People v Wilkins,* 121 Mich App 813, 816; 329 NW2d 500 (1982). Nevertheless, because we are persuaded that review is clearly warranted in this case, we exercise our discretionary authority under GCR 1963, 820.1(7) and consider the prosecution's claim of appeal as a complaint for an order of superintending control. GCR 1963, 711.4(a). Placing defendants on probation was a void act since the lower court had no statu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tory authority to do so. *People v Davis,* 392 Mich 221, 226-227; 220 NW2d 452 (1974). See also MCL 771.1(1); MSA 28.1131(1). Since the purported placing of defendants on probation was a nullity, the matter with respect to each defendant returns to the status quo ante. As a consequence, each sentence is reversed with a remand to the lower court for new sentencing.

Reversed and remanded.