PEOPLE v SHAFER

Docket No. 141359. Submitted June 16, 1992, at Lansing. Decided
August 18, 1992, at 9:00 A.M.

Thomas L. Shafer pleaded guilty in the Genesee Circuit Court,
Judith A. Fullerton, J., of delivery of 50 or more but less than
225 grams of cocaine and was sentenced to lifetime probation.
The people appealed by leave granted.

The Court of Appeals *held:*

A sentence of lifetime probation is not available for convic-
tion of delivery of 50 or more but less than 225 grams of
cocaine. The trial court erred in ruling that MCL 333.7401(4);
MSA 14.15(7401)(4) permitted imposition of life probation. The
defendant's sentence must be vacated and the case remanded
for resentencing by the same judge.

Vacated and remanded.

CONTROLLED SUBSTANCES — SENTENCES — LIFETIME PROBATION.

A sentence of lifetime probation may not be imposed for convic-
tion of delivery of 50 or more but less than 225 grams of
cocaine; lifetime probation may be imposed for conviction of
possession with intent to deliver or delivery of less than fifty
grams of certain controlled substances or possession of twenty-
five to fifty grams of certain controlled substances (MCL
333.7401[2][a][iii],[iv],[3],[4], 333.7403[2][a][iv], 771.1[1],[3]; MSA
14.15[7401][2][a][iii],[iv],[3],[4], 14.15[7403][2][a][iv], 28.1131[1],[3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Robert E. Weiss,* Prose-cuting Attorney, *Donald A. Kuebler,* Chief, Appel-late Division, and *Gladys L. Christopherson,* Assis-tant Prosecuting Attorney, for the people.

*Samuel A. Ragnone, P.C.* (by *Samuel A. Rag-none*), for the defendant.

REFERENCES
Am Jur 2d, Criminal Law §§ 567 *et seq.*
See the Index to Annotations under Parole, Probation, and Pardon.

Before: SULLIVAN, P.J., and MACKENZIE and I. B. TORRES,* JJ.

PER CURIAM. The people appeal by leave granted from defendant's sentence of lifetime probation following his conviction of delivery of 50 or more but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). We vacate and remand for resentencing.

Defendant's sentence was based on MCL 333.7401(4); MSA 14.15(7401)(4), which authorizes departure from the minimum term of imprisonment set forth at subsection 2(a)(iii) upon a finding by the trial court of substantial and compelling reasons to do so. The people argue that the trial court erred in ruling that MCL 333.7401(4); MSA 14.15(7401)(4) permitted imposition of lifetime probation for delivery of 50 or more but less than 225 grams of cocaine. We agree.

MCL 333.7401(3); MSA 14.15(7401)(3) provides:

> A term of imprisonment imposed pursuant to subsection (2)(a) . . . shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony. An individual subject to a mandatory term of imprisonment under subsection (2)(a) . . . shall not be eligible for probation, suspension of that sentence, or parole during that mandatory term, *except and only to the extent that those provisions permit probation for life,* and shall not receive a reduction in that mandatory term of imprisonment by disciplinary credits or any other type of sentence credit reduction. [Emphasis added.]

The only offenses within the Public Health Code for which lifetime probation is allowed are possession with intent to deliver or delivery of less than

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

fifty grams of certain controlled substances, § 7401(2)(a)(iv), or possession of twenty-five to fifty grams of certain controlled substances, MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv). Defendant was thus not convicted of an offense for which lifetime probation is specifically authorized.

Further, it is clear by reference to the probation statute that probation is not available when a defendant has been convicted under § 7401(2)(a)(iii), as defendant was. MCL 771.1(1) and (3); MSA 28.1131(1) and (3) provide, in relevant part:

> (1) In all prosecutions for felonies or misdemeanors, *except* murder, treason, criminal sexual conduct in the first or third degree, robbery while armed, and *major controlled substance offenses not described in subsection (3),* if the defendant has been found guilty upon verdict or plea, and if it appears to the satisfaction of the court that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant shall suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer.
>
> (3) The sentencing judge may place a defendant on life probation pursuant to subsection (1) if the defendant is convicted for a violation of section 7401(2)(a)(iv) or 7403(2)(a)(iv) of the public health code . . . or conspiracy to commit either of those 2 offenses. [Emphasis added.]

Because defendant did not commit either of the two offenses for which lifetime probation is authorized in the probation statute, and no such punishment is authorized by the Public Health Code, his probationary sentence is plainly illegal. See *People v Larkins,* 142 Mich App 679; 369 NW2d 882 (1985). We therefore vacate defendant's sentence of lifetime probation and remand for resentencing.

Although a probationary term is not authorized, defendant may still be sentenced to an indeterminate sentence departing below the statutory minimum, provided the court finds substantial and compelling reasons for such a departure. MCL 333.7401(4); MSA 14.15(7401)(4). Permissible factors to consider when deciding whether departure is appropriate were recently set forth in *People v Windall Hill,* 192 Mich App 102; 480 NW2d 913 (1991). These factors should be considered on resentencing if an indeterminate sentence departing from the statutory minimum is imposed.

Finally, we conclude that the people have not presented sufficient reasons to justify resentencing before another judge.

Vacated and remanded for resentencing. We retain no further jurisdiction.