PEOPLE v WENDT

Docket No. 51671. Submitted April 14, 1981, at Lansing.—Decided June 17, 1981.

The Governor of the State of Texas sought extradition of Michael D. Wendt from the State of Michigan. The Lt. Governor of Michigan, acting as Governor, issued a governor's warrant for defendant's arrest. Defendant was an inmate of a state prison. Following a hearing, the trial court held that the prosecution had failed to show that defendant was the same person sought by Texas and refused to order defendant's surrender to the State of Texas, Jackson Circuit Court, Gordon W. Britten, J. The prosecution appeals, alleging that the trial court had no jurisdiction to rule on the propriety of the governor's warrant and that the warrant established a prima facie case for extradition which was not refuted by defendant. *Held:*

1. Although defendant did not comply with formal habeas corpus filing procedures, the prosecution had ample notice that he was challenging his extradition. Thus, the circuit court had jurisdiction to rule on the propriety of the governor's warrant.

2. The governor's warrant and supporting papers established a prima facie case for defendant's extradition. The scope of review of the circuit court was limited, and following defendant's acknowledgment in open court that he was the person sought by the State of Texas, the placing of the burden of identification on the prosecution by the circuit court constituted error.

3. The issuance of the governor's warrant raised a presumption that defendant was the person sought by the State of Texas, and the burden of proof rested on defendant to overcome the presumption by clear and convincing evidence. In light of

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Extradition §§ 64, 65.
[2] 39 Am Jur 2d, Habeaus Corpus §§ 4, 121-126.
[3] 39 Am Jur 2d, Habeaus Corpus § 109.
[4] 31 Am Jur 2d, Extradition § 64 *et seq.*
  39 Am Jur 2d, Habeaus Corpus § 154.
[5] 31 Am Jur 2d, Extradition § 66.
[6] 39 Am Jur 2d, Habeaus Corpus §§ 168, 173.

defendant's failure to overcome the presumption, the trial court's refusal to allow extradition of defendant constituted error.

Reversed and remanded.

1. EXTRADITION — MICHIGAN UNIFORM CRIMINAL EXTRADITION ACT — GOVERNOR'S WARRANTS — TRIAL COURTS — JURISDICTION — HABEAS CORPUS — STATUTES.

A trial court has jurisdiction under the Michigan Uniform Criminal Extradition Act to rule on the propriety of a governor's warrant for the arrest of a person sought for extradition to a foreign state even though such person has failed to file a petition for a writ of habeas corpus provided that the prosecution has ample notice that the extradition is being challenged (MCL 780.9; MSA 28.1285[9]).

2. HABEAS CORPUS — JUDICIAL CONSTRUCTION.

Petitions for writs of habeas corpus are to be liberally construed.

3. HABEAS CORPUS — CIRCUIT COURTS — WRITS OF HABEAS CORPUS — JURISDICTION — COURT RULES.

A judge of a circuit court may issue a writ of habeas corpus, *sua sponte,* whenever he learns that any person within his jurisdiction is illegally restrained of his liberty (GCR 1963, 712.7).

4. EXTRADITION — HABEAS CORPUS — COURTS — JURISDICTION.

A governor's grant of extradition is prima facie evidence that constitutional and statutory requirements have been met, and once granted a court considering release of a petitioner on habeas corpus can do no more than decide whether the extradition documents, on their face, are in order, whether the petitioner has been charged with a crime in the demanding state, whether the petitioner is the person named in the request for extradition, and whether the petitioner is a fugitive.

5. EXTRADITION — GOVERNOR'S WARRANTS — PRESUMPTION OF IDENTITY — BURDEN OF PROOF.

The issuance of a governor's warrant following a request for extradition by a foreign state raises the presumption that the accused named in the warrant is the person sought by the demanding state, and the burden of proof rests on the accused to overcome this presumption by clear and convincing evidence.

6. HABEAS CORPUS — APPEAL — STATUTES.

The people may appeal an adverse habeas corpus ruling (MCL 770.12[1][c]; MSA 28.1109[1][c]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

Prison Legal Services of Michigan, Inc. (by *Paul Schaefer),* for defendant on appeal.

Before: BASHARA, P.J., and T. M. BURNS and BEASLEY, JJ.

BEASLEY, J. On March 27, 1980, the Governor of Texas issued a requisition warrant seeking the extradition of Michael Dean Wendt, a/k/a Dennis Scribner, from the State of Michigan. On April 8, 1980, Lt. Governor James H. Brickley, acting Governor, issued a governor's warrant for the arrest of Michael Dean Wendt, a/k/a Dennis Scribner. Defendant, an inmate of Jackson State Prison, was arraigned on the governor's warrant on April 22, 1980. The trial court was informed of the receipt of the governor's warrant and then inquired of the prisoner as to whether he was Michael Dean Wendt to which the prisoner responded that he was. The trial court appointed counsel to represent defendant and set a hearing for May 6, 1980.

At the hearing, defendant's attorney asked for an adjournment because of an action for mandamus which defendant had filed in the Court of Appeals against Perry Johnson, Director of the Department of Corrections. Defense counsel stated that defendant had filed the mandamus action *in propria persona* and that he was seeking an order in this Court to compel the Department of Corrections to release him under a Michigan parole plan. The trial court denied the motion for adjournment.

The prosecution called Sandra Phelps, and employee of Jackson Prison, who testified that she

had talked to an inmate whom she knew as Dennis Scribner about a detainer from the State of Texas for a person named Michael Wendt. She stated that defendant acknowledged that he was wanted by Texas but that Texas authorities had had an opportunity to assume his custody while he was in Florida but did not do so. Ms. Phelps indicated that she also had talked to the same individual at the prison after the parole board granted him a parole in custody at which time he again stated that he was unwilling to return to Texas. She further testified that she showed defendant the Texas warrant for parole violation and the original offenses and stated that the individual she talked to, defendant, was not surprised about it.

At the conclusion of Ms. Phelp's testimony, defense counsel moved to dismiss the request for extradition due to insufficient indentification showing that the person in court was the person who was wanted in Texas. The trial court found that the state had failed to show that defendant was the same person sought by Texas authorities. Based on this finding, the trial court entered an order stating that it would not turn over defendant to the State of Texas under the governor's warrant. the prosecution appeals as of right, raising two issues.

First, the prosecution claims that the trial court had no jurisdiction to rule on the propriety of the governor's warrant because defendant failed to file a petition for a writ of habeas corpus. We disagree.

Michigan's Uniform Criminal Extradition Act[1] provides:

"No person arrested upon such warrant shall be

---

[1] MCL 780.1 et seq.; MSA 28.1285(1) et seq.

delivered over to the agent whom the executive author-
ity demanding him shall have appointed to receive him
unless he shall first be taken forthwith before a judge of
a court of record in this state, who shall inform him of
the demand made for his surrender and of the crime
with which he is charged, and that he has the right to
demand and procure legal counsel; and if the prisoner
or his counsel shall state that he or they desire to test
the legality of his arrest, the judge of such court of
record shall fix a reasonable time to be allowed him
within which to apply for a writ of habeas corpus.
When such writ is applied for, notice thereof, and of the
time and place of hearing thereon, shall be given to the
prosecuting officer of the county in which the arrest is
made and in which the accused is in custody, and to the
said agent of the demanding state."[2]

At the time of arraignment in the present case,
the trial judge appointed counsel for defendant,
was informed that defendant was challenging his
extradition, and set a hearing date on the matter.
The prosecutor participated in the hearing, pro-
ducing a witness to show defendant's identity as
the person named in the Texas warrant.

Petitions for habeas corpus are to be liberally
construed.[3] Moreover, a circuit judge is empowered
under GCR 1963, 712.7 to issue a writ of habeas
corpus *sua sponte.* While defendant did not comply
with the formal habeas corpus filing procedures
outline in GCR 1963, 712, the prosecution had
ample notice that defendant was challenging his
extradition.[4] While the usual and normal proce-
dure of attacking an extradition proceeding is by
way of habeas corpus, under the circumstances of
this case, we decline to find that the circuit court

---

[2] MCL 780.9; MSA 28.1285(9).

[3] *Cross v Dep't of Corrections,* 103 Mich App 409; 303 NW2d 218
(1981).

[4] GCR 1963, 712.13.

lacked jurisdiction to rule on the propriety of the governor's warrant.

The prosecution next contends that the governor's warrant and supporting papers established a prima facie case or defendant's extradition which was not refuted by defendant. We agree.

The court in an asylum state has a limited scope of review after the governor of the state has granted extradition. In *Michigan v Doran*,[5] the United States Supreme Court stated:

"A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. *Cf., Bassing v Cady,* 208 US 386, 392 [28 S Ct 392; 52 L Ed 540] (1908). Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable."

Here, the trial judge only considered the question of whether defendant was the person sought to be extradited, finding that the prosecution had failed to show that indentification. But, in this case, defendant had acknowledged, in open court in answer to the assistant prosecutor's question, that he was Michael Dean Wendt.[6] Under these circumstances, we hold that the trial court erred

---

[5] 439 US 282, 289; 99 S Ct 530; 58 L Ed 2d 521 (1978).

[6] The transcript provides the following:

"*Mr. Wood:* If it please the Court. Your Honor. In the matter of Michael Dean Wendt a/k/a Dennis Scribner, file number 80-020695-EX. This is a matter of extradition, Your Honor. We have received the Governor's Warrant from the State of Texas.

"Are you Mr. Michael Dean Wendt?

"*A.* Yes, I am."

in placing the burden of showing identity on the prosecution.

The issuance of a governor's warrant raises a presumption that the accused named in the warrant is the person sought by the demanding state, and the burden of proof rests upon the prisoner to overcome this presumption by clear and convincing evidence.[7]

Defendant in the present case did not allege or argue that he was not the person sought by the State of Texas. On the contrary, he virtually admitted that he was the person named. At most, he merely argued that the prosecution failed to establish his identity. We hold that, in view of the fact that defendant admitted that he was Michael Dean Wendt, plus the testimony of Ms. Phelps regarding her conversation with defendant, and in view of the fact that the governor's warrant appeared to be in order, the burden of proof was on the defendant to offer any evidence to refute his identity as the person sought to be extradited. Defendant did not offer any evidence in support of his position, not even a denial. We conclude that, on this record, it was error to refuse to allow defendant to be extradited to Texas.

Defendant also contends that an order discharging a petitioner on a writ of habeas corpus is not reviewable by the people on appeal. This contention is without merit.

The cases relied upon by defendant[8] are all based on a lack of either statutory or case law allowing the people to appeal an adverse habeas

---

[7] *Williams v Wayne County Sheriff,* 395 Mich 204, 241-242; 235 NW2d 552 (1975) (opinion of WILLIAMS, J.), *United States v Flood,* 374 F2d 554 (CA 2, 1967).

[8] *People v Conant,* 59 Mich 565; 26 NW 768 (1886), *People v Fairman,* 59 Mich 568; 26 NW 769 (1886), *People v Price,* 23 Mich App 663; 179 NW2d 177 (1970).

corpus ruling. We hold that the people are empowered to appeal such a ruling under MCL 770.12(1)(c); MSA 28.1109(1)(c).

Reversed and remanded.