PEOPLE v COOKE

Docket No. 51500. Submitted October 6, 1981, at Lansing.—Decided February 17, 1982. Leave to appeal applied for.

Arlington Cooke was charged with burning insured property. At the close of the people's proofs, he moved for a directed verdict of acquittal. The motion was denied; however, the trial court suggested that the defendant renew the motion after the jury returned its verdict. Thereafter, the jury found the defendant guilty. The defendant renewed his motion, which was granted, Alpena Circuit Court, Joseph P. Swallow, J. The people appeal. *Held:*

The Court of Appeals does not have jurisdiction to hear an appeal by the people in a criminal case from a final order of acquittal based on insufficiency of the evidence. The grounds for the order are not among those specified as appealable by the people in the Code of Criminal Procedure.

Appeal dismissed.

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — APPEAL.

The government has no power to take an appeal in a criminal case absent express, statutory authority; in Michigan, an appeal may be taken by the people in a criminal case only: from a decision quashing or setting aside a charging instrument, from a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the charging instrument where such decision is based upon the invalidity or construction of the statute upon which the instrument is founded, or from a decision sustaining a special plea in bar, a decision relative to the admission of evidence, or other proceedings had or made before the defendant is put in jeopardy (MCL 770.12; MSA 28.1109).

2. CRIMINAL LAW — PROSECUTING ATTORNEYS — APPEAL — COURT OF APPEALS — JURISDICTION.

The jurisdiction of the Court of Appeals to hear appeals from all

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 4 Am Jur 2d, Appeal and Error §§ 159, 268.

[2] 4 Am Jur 2d, Appeal and Error §§ 6-8.

[3] 5 Am Jur 2d, Appeal and Error § 883.

final judgments or orders of the circuit courts as provided in the Court Rules and in the Revised Judicature Act is limited by the section of the Code of Criminal Procedure which prescribes the circumstances under which the people may take an appeal in a criminal case; therefore, the Court of Appeals has no jurisdiction to hear an appeal by the people from a final judgment or order in a criminal case based on grounds other than those specifically authorized by the Code of Criminal Procedure (MCL 600.308, 770.12; MSA 27A.308, 28.1109, GCR 1963, 806.1).

3. CRIMINAL LAW — PROSECUTING ATTORNEYS — APPEAL.

The people may not appeal a final order of acquittal based on insufficiency of the evidence (MCL 770.12; MSA 28.1109).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Theodore D. Johnson,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people.

*Richard A. Collins,* for defendant.

Before: ALLEN, P. J., and M. J. KELLY and J. J. KELLEY,* JJ.

ALLEN, P. J. May a prosecutor appeal from a post-verdict order acquitting a defendant after a jury has returned a verdict of guilty? This issue of first impression comes before us in an appeal by the prosecutor from an order acquitting the defendant of burning insured property, MCL 750.75; MSA 28.270.

The charge arose from a fire on January 16, 1979, in an unoccupied dwelling house owned by defendant in Long Rapids Township, Alpena County. Trial was held in December, 1979. At the close of proofs, defendant moved for a directed verdict of acquittal. The court denied the motion,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

but suggested that defendant renew it after the jury returned its verdict. The jury found defendant guilty, and defendant renewed his motion. On April 15, 1980, the court granted the motion, and the prosecutor claims an appeal as of right from that order.

In their briefs, both parties discuss two issues: (1) do double jeopardy considerations preclude appellate review of the trial court's post-guilty-verdict grant of a directed verdict of acquittal, and (2) was sufficient evidence presented to allow submission of the charge of arson to the jury? However, before either of those issues can be addressed, we must first resolve an issue raised, *sua sponte,* by this Court—whether, after the amendment to MCL 770.12; MSA 28.1109 by 1977 PA 34, this Court has jurisdiction to hear and decide an appeal by the prosecution from a directed verdict of acquittal. At this Court's request, this issue has been briefed by the prosecutor. On January 4, 1982, defendant filed a supplemental brief. Further, if the answer to this question be that this Court does not have jurisdiction to entertain such an appeal, the issues raised by the parties need not be addressed.

The government has no power to take an appeal absent express statutory authority. *United States v Wilson,* 420 US 332, 336; 95 S Ct 1013; 43 L Ed 2d 232 (1975), *People v Ballots,* 252 Mich 282, 283; 233 NW 229 (1930). The Michigan Legislature first provided for a writ of error to be taken to the Supreme Court by the prosecution when the validity or construction of a statute was at issue. 1917 PA 159. This language was incorporated into the Code of Criminal Procedure in 1927 and amended in 1941 to provide for somewhat broader rights of appeal. 1941 PA 132, MCL 770.12; MSA 28.1109.

This statute has since been amended by 1977 PA 34 to provide:

"(1) An appeal may be taken by and on behalf of the people of this state from a court of record in all criminal cases, in any of the following instances:

"(a) From a decision or judgment quashing or setting aside an indictment, information, or other charging instrument, or a count thereof, where that decision or judgment is based upon the invalidity or construction of the statute upon which the indictment, information, or other charging instrument is founded.

"(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indictment, information, or other charging instrument, where the decision is based upon the invalidity or construction of the statute upon which the indictment, information, or other charging instrument is founded.

"(c) From a decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy, or from another order of the court relative to admission of evidence or proceedings had or made before the defendant is put in jeopardy."

A thorough examination of the statutory history of this provision through 1973 is set out in Justice Levin's concurring opinion in *People v Blachura,* 390 Mich 326, 340-343; 212 NW2d 182 (1973).

No additional Michigan statutes discuss the power of the government to appeal from an adverse decision in a criminal case. The jurisdiction of the courts that entertain such appeals is discussed elsewhere, however. Const 1963, art 6, § 10, established the jurisdiction of the Court of Appeals as that provided by law and by the rules of the Supreme Court. The Revised Judicature Act (RJA), particularly MCL 600.308; MSA 27A.308, vests the Court of Appeals with jurisdiction to hear appeals from final judgments of the circuit courts and from

such other judgments as the Supreme Court may determine. GCR 1963, 806 provides for appeals by right from final orders by any aggrieved party and provides for appeals by leave from other orders not appealable by right. The RJA and court rules do not limit the appeal of right in criminal cases to defendants.

In *Blachura, supra,* the Supreme Court was asked to determine whether a prosecutor could appeal to the Court of Appeals, instead of the Supreme Court, from an order of the trial court granting a criminal defendant a new trial. The Supreme Court found that the Court of Appeals did have jurisdiction. The majority noted that MCL 770.12; MSA 28.1109, which had not been amended after the establishment of the Court of Appeals, dealt with an obsolete court structure and used terms of art alien to many practitioners. *Blachura, supra,* 337. Justice LEVIN, concurring in part and dissenting in part, disagreed that MCL 770.12; MSA 28.1109 had been superseded by the RJA and court rules. *Id.,* 337.

The Supreme Court again addressed the power of the prosecutor to appeal in *Jackson County Prosecutor v Court of Appeals,* 394 Mich 527; 232 NW2d 172 (1975). In that case, the prosecutor had attempted to appeal by right from a final pretrial order quashing an indictment on grounds that the statute was invalid. In a memorandum decision, the Court agreed that such an order was appealable as of right to the Court of Appeals under MCL 600.309; MSA 27A.309. This appeal, however, involved a claim under one of the enumerated statutory grounds in MCL 770.12; MSA 28.1109.

Most recently, the Supreme Court returned to the jurisdictional issue in *People v Pummer,* 399 Mich 326; 249 NW2d 78 (1976). That case, like

*Blachura,* involved an attempt to appeal from an order granting defendant's motion for a new trial. The Court wrote:

"In light of *Blachura* and *Jackson County Prosecutor, supra,* there should remain little question that appeals by the prosecutor, like those of all other litigants, are governed by MCL 600.308; MSA 27A.308, and rules formulated by our Court." *Pummer, supra,* 331.

Justices KAVANAGH and LEVIN dissented in separate opinions, but each agreed that MCL 770.12; MSA 28.1109 limited the power of a prosecutor to take an appeal in a criminal case.

After the Supreme Court's decisions in these cases, the Legislature amended MCL 770.12; MSA 28.1109, quoted *supra.* The prosecution argues that the amendment was designed only to modify the statute granting a right to bail upon an appeal by the state. While it is true that three of the four sections amended by 1977 PA 34 deal solely with bail, we believe that the Legislature's amendment of § 12, MCL 770.12; MSA 28.1109, was aimed at correcting a different legislative problem. The title of the act refers specifically to the Court's jurisdiction, suggesting that the Legislature was aware that it was modifying jurisdiction to entertain an appeal, as well as power to grant bond pending an appeal.

Moreover, the amendment, which became effective March 30, 1978, removes the infirmities discussed by the Supreme Court in *Blachura.* The statute no longer deals with an obsolete court system, and it employs only those terms of art that are familiar to modern practitioners of law.

We now must decide whether the amended MCL 770.12; MSA 28.1109 restricts prosecutorial appeals to the subject matters discussed, or whether

a prosecutor is free to exercise the broad right to appeal granted to any aggrieved party in GCR 1963, 806.[1]

Initially, we note that determination of jurisdiction of the Court of Appeals is a matter that has been constitutionally delegated to the Legislature, while matters of practice and procedure are to be governed by the rules of the Supreme Court. Const 1963, art 6, § 10. The power of this Court to entertain an appeal from a prosecutor is a question of jurisdiction, so in the event of a conflict between a court rule and statute, the statute must control. We therefore find that to the extent that GCR 1963, 806.1 conflicts with any statutory provisions, the latter govern.

Two statutes, however, are in apparent conflict. The RJA, specifically MCL 600.308; MSA 27A.308, provides for the Court of Appeals to have jurisdiction over all final judgments from circuit courts. MCL 770.12; MSA 28.1109, however, limits a prosecutor's right to appeal final judgments of the circuit court to certain narrow circumstances. The prosecution argues that the specific grant of jurisdiction in MCL 770.12; MSA 28.1109 should not be read as limiting the jurisdiction granted in MCL 600.308; MSA 27A.308. We now must determine, by applying general principles of statutory construction, whether the Legislature intended the more restrictive statute to be controlling in the specific circumstance of a prosecutor's appeal.

First, we note the general rule that where there

---

[1] As the statute has been amended to correct the defects found by the Supreme Court, we do not feel that we may dismiss it by following the Supreme Court's majority opinion, written before amendment, as another panel of this Court recently has done. *People v Conte,* 104 Mich App 73, 77; 304 NW2d 485 (1981). Moreover, we observe that this Court has relied on the amended statute in deciding that a prosecutor does have jurisdiction to appeal an order discharging a prisoner on a writ of habeas corpus. *People v Wendt,* 107 Mich App 269, 276; 309 NW2d 230 (1981).

are two acts, one of which is particular and includes the matter in question, and the other of which is general and which, standing alone, would include the same matter, the special act is viewed as an exception to the general. *Flint Board of Education v Williams,* 88 Mich App 8, 15-16; 276 NW2d 499 (1979). Under this rule, the more specific limiting act should control. Second, we observe that where two statutes are in apparent conflict, they should be construed to give each full force and effect, if possible. *Krim v Commercial Union Assurance Co,* 94 Mich App 639; 288 NW2d 463 (1980). We find that were we to apply the RJA provision, the limiting act would be rendered meaningless. Finally, we recognize that amending legislation must be construed in light of the rationale of court decisions prompting the amendment. *E F McDonald Co v Dep't of Treasury,* 62 Mich App 626, 636; 233 NW2d 678 (1975). Where the amendment in the limiting act was apparently prompted by the Supreme Court's observation in *Blachura* that the statute dealt with an obsolete court structure, it is apparent that the Legislature intended to place new limiting legislation into effect.

Accordingly, we hold that a prosecutor has no right to appeal outside the express provisions of MCL 770.12; MSA 28.1109.

In the case at bar, the prosecutor seeks leave to appeal from a final order of acquittal made on the basis of insufficiency of the evidence. That is not among the statutory grounds for appeal, so we must dismiss this appeal as outside our jurisdiction.

Because of our resolution of this issue, it is unnecessary to reach the two issues raised on appeal.

Appeal dismissed.