PEOPLE v ROBINSON

Docket No. 59199. Submitted May 10, 1982, at Lansing.—Decided
July 19, 1982. Leave to appeal applied for.

Jerry Robinson was charged with delivery of a controlled sub-
stance. After a nonjury trial the Hillsdale Circuit Court, Har-
vey W. Moes, J., found that the defendant had been entrapped
and ordered the case dismissed and the defendant released. The
prosecutor appealed, and the Court of Appeals requested the
parties to brief the issue of whether the Court of Appeals has
jurisdiction to hear an appeal from a post-judgment dismissal
where the trial court found entrapment. *Held:*

A prosecutor's right to appeal is limited to the circumstances
enumerated in the governing statute. Under the statute no
prosecutorial appeal may be taken after jeopardy has attached.
Therefore, in this case, the appeal is barred.

Appeal dismissed.

CYNAR, J., concurred only in the result. He would hold that
the trial court's finding of entrapment was not clearly errone-
ous.

1. APPEAL — PROSECUTOR'S APPEAL — CRIMINAL LAW.

A prosecutor's right to appeal a trial court's decision is restricted
to the limited circumstances enumerated in the governing
statute (MCL 770.12; MSA 28.1109).

2. APPEAL — PROSECUTOR'S APPEAL — CRIMINAL LAW.

An appeal may be brought by a prosecutor only where the
defendant has not been placed in jeopardy (MCL 770.12; MSA
28.1109).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Michael R. Smith,* Pros-
ecuting Attorney, and *Leonard J. Malinowski,* As-
sistant Attorney General, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error § 268.
[2] 63 Am Jur 2d, Prosecuting Attorneys § 27.

*James O. Marks,* for defendant.

Before: Allen, P.J., and Cynar and C. J. Fala-hee,* JJ.

Allen, P.J. May a prosecutor appeal from a post-trial dismissal of charges when a trial judge finds entrapment? This question of apparent first impression comes to us as the prosecution attempts to appeal after the Hillsdale County Circuit Court found entrapment and dismissed a charge of delivery of a controlled substance, MCL 333.7401(2)(b); MSA 14.15(7401)(2)(b). At our request the parties briefed the issue of whether this Court has jurisdiction over this appeal. As we conclude that we lack jurisdiction, the appeal is dismissed.

The defendant was charged with delivery of LSD. At a preliminary examination on June 1, 1981, the magistrate bound defendant over for trial, deferring to the trial court the entrapment issue raised by defendant but noting that he did not believe that defendant had been entrapped.

On June 23, 1981, defendant waived his right to a jury trial. The parties agreed that the sole defense was entrapment. The prosecution presented all its witnesses, defendant chose to present none, and the proofs were closed. After reviewing the evidence and the law, the trial judge found that defendant had been entrapped and ordered the case dismissed and the defendant discharged. The prosecution appeals this ruling, claiming the judge erred as a matter of law in finding that defendant had been entrapped.

A prosecutor's right to appeal is limited by MCL 770.12; MSA 28.1109, which provides:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(1) An appeal may be taken by and on behalf of the people of this state from a court of record in all criminal cases, in any of the following instances:

"(a) From a decision or judgment quashing or setting aside an indictment, information, or other charging instrument, or a count thereof, where that decision or judgment is based upon the invalidity or construction of the statute upon which the indictment, information, or other charging instrument is founded.

"(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indictment, information, or other charging instrument, where the decision is based upon the invalidity or construction of the statute upon which the indictment, information, or other charging instrument is founded.

"(c) From a decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy, or from another order of the court relative to admission of evidence or proceedings had or made before the defendant is put in jeopardy."

Recently, this Court considered the history of this provision and concluded that the Legislature intended this statute to restrict a prosecutor's right to appeal to these limited circumstances. *People v Cooke,* 113 Mich App 272; 317 NW2d 594 (1982). In *Cooke,* this Court considered an appeal from a post-verdict order acquitting a defendant after a jury returned a verdict of guilty. As none of the enumerated statutory circumstances were present, we concluded that the prosecutor "has no right to appeal outside the *express provisions"* of the statute and we dismissed the appeal. *Id.,* 279.

The parties agree and we concur that this appeal cannot be made under the first two statutory provisions, which allow an appeal when the construction or validity of a statute is in question. Accordingly, this appeal may be entertained only if it is "[f]rom a decision or judgment sustaining a

special plea in bar, when the defendant has not been put in jeopardy, or from another order of the court relative to admission of evidence or proceedings had or made before the defendant is put in jeopardy".

A "special plea in bar" is not a term in common usage among legal practitioners today. We observe, however, that a body of case law has interpreted this same phrase as it was used in the former version of the Federal Criminal Appeals Act, 18 USC 3731, as it was revised in 1948. The federal act was consistently interpreted very narrowly. *United States v Borden Co,* 308 US 188, 192; 60 S Ct 182; 84 L Ed 181 (1939). The federal act was amended in 1971, however, to create a broad right of appeal for the government in criminal cases, limited only to the extent an appeal might be barred by the Double Jeopardy Clause. 18 USC 3731, as amended January 2, 1971, *United States v Scott,* 437 US 82, 84-85; 98 S Ct 2187; 57 L Ed 2d 65 (1978), *United States v Wilson,* 420 US 332, 337; 95 S Ct 1013; 43 L Ed 2d 232 (1975).

In amending Michigan's prosecutor's appeal statute in 1977, the Michigan Legislature adopted the language that was discarded by Congress in the amendment of 1971. We therefore believe it is appropriate to look to federal cases decided before the 1971 amendment to the Federal Criminal Appeals Act to interpret the parallel language in Michigan's statute.

In a footnote in *United States v Sisson,* 399 US 267, 300; 90 S Ct 2117; 26 L Ed 2d 608 (1970), the Court summarized the United States Supreme Court's conflicting interpretations of the phrase "special plea in bar".

"At common law, a special plea in bar was ordinarily

used to raise three defenses—*autrefois acquit, autrefois convict,* and pardon—and there is language in some of our cases that indicates that, apart from these defenses, a plea in bar was not appropriate 'to single out for determination in advance of trial matters of defense either on questions of law or fact,' *United States v Murdock,* 284 US 141, 151 [52 S Ct 63; 76 L Ed 210; 82 ALR 1376] (1931). There are cases consistent with the narrow common-law definition that indicate, for example, that a defense based upon the statute of limitations could not be raised by a 'special plea in bar,' *United States v Kissel,* 218 US 601, 610 [31 S Ct 124; 54 L Ed 1168] (1910); *United States v Barber,* 219 US 72, 78-79 [31 S Ct 209; 55 L Ed 99] (1911). On the other hand, it appears the Court accepted jurisdiction under § 3731, in appeals from decisions granting special pleas in bar based on a statute of limitations defense, with no explanation of the apparent inconsistency. See *United States v Goldman,* 277 US 229, 236-237 [48 S Ct 486; 72 L Ed 862] (1928); see also *United States v Rabinowich,* 233 US 78 [35 S Ct 682; 59 L Ed 1211] (1915). And, in *United States v Mersky,* 361 US 431 [80 S Ct 459; 4 L Ed 2d 423] (1960), there was no decision of the Court on what was a motion in bar, and the concurring opinion of Mr. Justice Brennan and the dissenting opinion of Mr. Justice Stewart indicated disagreement on this issue. Compare 361 US 441-443 [80 S Ct 465-466; 4 L Ed 2d 431-433] with *id.,* 455-458 [80 S Ct 472-474; 4 L Ed 2d 439-441]. To add to the uncertainty, arguably in *United States v Murdock, supra,* and certainly in *United States v Blue,* 384 US 251, 253-254 [86 S Ct 1416; 16 L Ed 2d 510] (1966), and *United States v Covington,* 395 US 57, 59, fn 2 [89 S Ct 1559; 23 L Ed 2d 94] (1969), the Court took jurisdiction and considered the merits of appeals from district court dismissals based on self-incrimination defenses on the ground that the decisions below had sustained motions in bar for purposes of the Criminal Appeals Act—even though *Murdock* itself stated that this defense is not appropriately raised by a special plea in bar. 284 US 151 [52 S Ct 65; 76 L Ed 214]."

The Court observed that under the most expan-

sive view, a motion in bar cannot be granted on facts that would necessarily be tried with the general issue. The Court then found, in dicta, that the facts supporting a claim of self-defense would be determined with the general issue of defendant's guilt or innocence and so a motion in bar was not involved.

Were we to apply this broad definition of a plea in bar to the present case, we would find that the issue of entrapment had been raised by defendant in a plea in bar. The entrapment issue involves a determination of whether the police conduct was the sort that would induce the commission of the crime. *People v Turner,* 390 Mich 7, 22; 210 NW2d 336 (1973). This issue, unlike self-defense, could be resolved independently of any determination regarding defendant's guilt or innocence.

Regardless of whether the entrapment defense was raised by a plea in bar, an appeal lies only when a defendant has not been placed in jeopardy. MCL 770.12; MSA 28.1109. This limitation, like that of the special plea in bar, was taken from the parallel Federal Criminal Appeal Act, as amended in 1948, which had been narrowly construed to limit the government's right of appeal. The United States Supreme Court has therefore written that, under that act, no governmental appeal may lie after jeopardy has attached, regardless of whether a defendant could be constitutionally retried for the offense. *United States v Sisson, supra,* 303. The Court reasoned that the clear language of the Criminal Appeals Act restricted appeals even when the Double Jeopardy Clause itself might permit them.

We believe that the same analysis is appropriate in applying Michigan's prosecutor's appeal statute, which was modeled on the early Criminal Appeals

Act. When our Legislature revised the act in 1977, federal statutes provided two possible models—the restrictive statute, last amended in 1968, and the 1971 amendment, which permitted government appeals in any situation not barred by the Double Jeopardy Clause. Had our Legislature intended to make the prosecutor's right of appeal coextensive with the Double Jeopardy Clause, it could have done so based on the later federal act. Instead, the restricted appeals statute provided the model and we are bound by it. *People v Cooke, supra.*

The prosecutor in this case argues strenuously and persuasively that the Double Jeopardy Clause does not bar this appeal, as defendant waived his double jeopardy protection in seeking a dismissal based on entrapment. The scope of the double jeopardy protection is, however, irrelevant, as the determining factor in our appeal statute is whether jeopardy had attached—not whether the appeal violates the protection against double jeopardy. Here, where jeopardy clearly had attached, the appeal is barred.

As we resolve this case solely on jurisdictional grounds, it is unnecessary to determine whether the trial judge correctly found that defendant had been entrapped.

Appeal dismissed.

CYNAR, J., concurs in the result only to affirm the dismissal, concluding that the trial judge's finding of entrapment was not clearly erroneous.