PEOPLE v GARCIA

Docket No. 57094. Submitted March 3, 1982, at Grand Rapids.—
     Decided August 24, 1982.

     Patricia Garcia pled guilty to larceny in a building and was
     sentenced to serve six months in the Saginaw County jail by
     the Saginaw Circuit Court, Gary R. McDonald, J. At her
     sentencing hearing the trial court commented that her case
     would be reviewed after she had served three months incarcer-
     ation. After defendant served approximately 2-1/2 months she
     brought a motion to suspend the remainder of her sentence.
     The Saginaw Circuit Court, Gary R. McDonald, J., granted the
     defendant's motion. The people appeal from the order suspend-
     ing the remainder of defendant's sentence, contending the court
     was not empowered to reduce the sentence after the defendant
     began to serve it. Held:

     1. The Court of Appeals does not agree with the defendant's
     contention that the trial court's action in granting the motion
     to suspend the sentence was not a change of sentence or a
     resentencing but was a suspension of sentence within the
     court's power.

     2. Whatever power the trial judge had regarding the suspen-
     sion of the sentence disappeared once the sentence began. The
     authority of the trial judge over the defendant ceased when a
     valid sentence was pronounced and the defendant entered upon
     her imprisonment.

     3. The power to commute a sentence is reserved by the
     constitution exclusively to the governor.

     4. The expressed intention to review the sentence could not
     create a power in the court which it did not have.

     Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 583.
[2] 21 Am Jur 2d, Criminal Law §§ 557, 558, 563.
[3] 59 Am Jur 2d, Pardon and Parole § 65.
[4] 21 Am Jur 2d, Criminal Law §§ 563, 565.
     What constitutes "good behavior" within statute or judicial order
          expressly conditioning suspension of sentence thereon. 58 ALR3d
          1156.
[5] 21 Am Jur 2d, Criminal Law § 536.

CYNAR, J., dissented. He would hold that, by the trial court's own order, authority over the defendant had not passed out of the trial judge's hands. He feels the sentence, as originally imposed, was ambiguous, thus requiring a remand for resentencing. However, he feels justice will not be served, under the circumstances, by returning the defendant to jail. He would affirm.

### OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — RESENTENCING — INVALID SENTENCES.

A trial court's authority to resentence a defendant is limited to a situation where the previously imposed sentence is invalid.

2. CRIMINAL LAW — SENTENCING — SUSPENSION OF SENTENCES — TRIAL COURT'S POWER TO SUSPEND.

The suspension of a sentence temporarily or indefinitely postpones the imposition or the commencement of the sentence; whatever power a trial judge has in this regard disappears once the sentence begins.

3. CONSTITUTIONAL LAW — SENTENCING — GOVERNOR — POWER TO COMMUTE SENTENCES.

The power to commute a sentence is a power reserved by the constitution exclusively to the governor (Const 1963, art 5, § 14).

### DISSENT BY CYNAR, J.

4. CRIMINAL LAW — SENTENCING — AUTHORITY OF TRIAL COURT — CONDITIONAL SENTENCING.

*The authority over a defendant has not passed out of a trial court's hands where the trial court's order sentences the defendant to serve a six-month term in the county jail and conditions the sentence to provide for a review of the sentence in three months and for the release of the defendant earlier than the six months depending on the defendant's efforts to improve herself.*

5. CRIMINAL LAW — SENTENCING — RESENTENCING — AMBIGUOUS SENTENCES.

*A remand for resentencing is generally required where a sentence imposed by a trial court is ambiguous; a remand is not required where justice would not be served thereby.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Matthew Dambro,* Assistant Prosecuting Attorney, for the people.

*E. Brady Denton,* for defendant.

Before: D. F. Walsh, P.J., and Cynar and W. F. Hood,* JJ.

W. F. Hood, J. Pursuant to her plea of guilty to larceny in a building, MCL 750.360; MSA 28.592, defendant was sentenced to serve six months in the Saginaw County jail. The trial court commented at defendant's sentencing hearing held January 5, 1981, that her case would be reviewed after three months incarceration. After defendant had served approximately 2-1/2 months of her sentence, she brought a motion to suspend the remainder of her sentence. A hearing was held on this motion on March 23, 1981, at which time the prosecutor argued that the court was not empowered to reduce sentences. The trial court suspended the remaining sentence, and the people appeal by right from that ruling.

It is important to note that we are not here concerned with the authority of a sentencing judge to alter or amend a probation order. Defendant's jail sentence was not imposed as part of probation. The issue is whether the circuit court has the power to suspend a validly imposed jail sentence after a defendant begins to serve it.

In the recent case of *People v Whalen,* 412 Mich 166, 169; 312 NW2d 638 (1981), the Supreme Court stated:

"In Michigan a trial court's authority to resentence a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant is limited. In *People v Fox,* 312 Mich 577, 582; 20 NW2d 732 (1945), this Court held that a trial court is without authority to set aside a valid sentence and impose a new one, because to do so 'would infringe upon the exclusive power of the governor under the Constitution to commute sentence'.

"A court's authority to resentence depends, therefore, on whether the previously imposed sentence is invalid." (Footnote omitted.)

Defendant does not contest this principle, and does not contend that the original sentence was invalid. Defendant argues, however, that the action of the trial judge in granting defendant's motion to suspend the sentence was not a change of sentence or a resentencing, but was a suspension of sentence which was within the court's power. We disagree.

The suspension of a sentence temporarily or indefinitely postpones the imposition or the commencement of the sentence. Whatever power a trial judge has in that regard disappears once the sentence begins. "The authority of the trial judge over the defendant ceases when a valid sentence has been pronounced and the defendant enters upon his imprisonment." 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 751, p 459. See, also, *People v Barfield,* 411 Mich 700; 311 NW2d 724 (1981).

If the power to suspend included the power to interrupt a sentence already commenced and to absolve the defendant from serving the balance, it would be indistinguishable from the power to commute—a power which, according to *People v Whalen, supra,* is reserved by the constitution exclusively to the governor.

At the time of sentencing, the trial court indicated on the record that it intended to review the

sentence after three months had been served. We do not see how this improves defendant's position. An expressed intention to review the sentence could not create a power in the court which it did not have.

Reversed.

D. F. WALSH, P.J., concurred.

CYNAR, J. *(dissenting).* I must respectfully dissent. On January 5, 1981, the trial judge sentenced the defendant to a straight six-month term in the county jail, however, he conditioned the sentence to provide for the review of the sentence in about three months and the release of the defendant earlier than six months depending on the defendant's efforts to improve herself. Additionally, the trial judge stated that if the defendant were working full time, she would be released for work parole.

On March 23, 1981, the trial court, after taking proofs and hearing argument, suspended the remaining sentence upon repayment by the defendant of $425 expended in her behalf for attorney fees. The defendant made the payment as ordered.

By the trial court's own order, authority over the defendant had not passed out of the trial judge's hands. It would appear that the sentence, as originally imposed, was at least ambiguous, requiring a remand for resentencing. Justice will not be served, under the circumstances herein, by returning the defendant to jail. I would affirm.