PEOPLE v WILKINS

Docket No. 61974. Submitted October 13, 1982, at Marquette.—Decided December 7, 1982.

Marcellus Wilkins was convicted of attempted prison escape, Marquette Circuit Court. Subsequently, the Court, John E. McDonald, J., sentenced the defendant relying upon a presentence report which erroneously stated that the defendant had been convicted of prison escape. After realizing that the defendant had been convicted of attempted prison escape, the judge resentenced the defendant to a lesser term of imprisonment under the statute on general attempts to commit a crime. The prosecuting attorney appeals, seeking reinstatement of the original sentence. *Held:*

The prosecuting attorney has no authority to appeal the circuit court's sentencing order. The Legislature has not provided express authorization for appeals by the prosecution from valid or invalid sentences and the circumstances of this case do not fall within those enumerated circumstances for which the Legislature has provided for appeal by the prosecution. The Court of Appeals exercised its discretionary authority and considered the prosecution's claim of appeal as a complaint for an order of superintending control. The trial court had a clear legal duty to sentence the defendant under the proper statute. Violation of that duty presents an appropriate occasion for the exercise of superintending control. The trial court's refusal to impose sentence under the proper statute resulted in the improper exercise of its sentencing discretion and the imposition of an invalid sentence. The defendant's sentence should be vacated and he should be resentenced. An updated presentence report should be prepared.

Remanded for resentencing.

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — APPEAL.

The government has no power to take an appeal in a criminal

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 268.
[2] 21 Am Jur 2d, Criminal Law § 582.
[3-5] 21 Am Jur 2d, Criminal Law §§ 537, 583.

case absent express, statutory authority; an appeal may be taken by the people in a criminal case only: from a decision quashing or setting aside a charging instrument; from a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the charging instrument where such decision is based upon the invalidity or construction of the statute upon which the instrument is founded; or from a decision sustaining a special plea in bar, a decision relative to the admission of evidence, or other proceedings had or made before the defendant is put in jeopardy (MCL 770.12[1]; MSA 28.1109[1]).

2. CRIMINAL LAW — SENTENCING.

A trial court is without authority to set aside a valid sentence and impose a new one because to do so would infringe upon the exclusive power of the Governor to commute sentences (Const 1963, art 5, § 14).

3. CRIMINAL LAW — SENTENCING — SUPERINTENDING CONTROL.

A trial court in sentencing a criminal defendant has a clear legal duty to sentence the defendant under the proper statute and violation of that duty presents an appropriate occasion for the Court of Appeals to exercise superintending control (GCR 1963, 711.4[a]).

4. CRIMINAL LAW — SENTENCING.

A trial judge's refusal to impose sentence on a criminal defendant under the proper statute results in the improper exercise of the judge's sentencing discretion and the imposition of an invalid sentence.

5. CRIMINAL LAW — SENTENCING — VALIDITY.

It is vitally important to a criminal defendant and to the ends of justice that the defendant's sentence be based upon accurate information; a sentence which is based on inaccurate information is invalid.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Heitman & Summers* (by *Michael G. Summers),* for defendant on appeal.

Before: D. F. WALSH, P.J., and ALLEN and M. F. CAVANAGH, JJ.

D. F. WALSH, P.J. Defendant, Marcellus Wilkins, was convicted of attempted prison escape. MCL 750.193; MSA 28.390. On the morning of December 18, 1981, the court sentenced him to a prison term of from two to five years. The presentence report, upon which the court relied, erroneously stated that defendant had been convicted of prison escape. Later on the day of sentencing, the court realized that defendant had been convicted of attempted prison escape and advised the prosecutor that he intended to resentence defendant, this time under the statute on general attempts to commit a crime, MCL 750.92; MSA 28.287. Both the prosecutor and the probation agent pointed out that the court was required to sentence defendant under the escape statute, MCL 750.193; MSA 28.390, as it had already done. Apparently defense counsel agreed.[1] Nevertheless, the court recalled defendant and resentenced him under the statute on general attempts to commit a crime to from 1-1/2 to 2-1/2 years in prison. The prosecution appeals, seeking reinstatement of the original sentence.

We first address the issue, not discussed by the parties, of the prosecution's power to appeal the sentencing order of the circuit court.

MCL 770.12(1); MSA 28.1109(1), provides:

[1] Although, of course, defendant and defense counsel did not object to the resentencing, at the original sentencing defense counsel had pointed out to the court that the statute under which defendant was convicted "includes the charge of escape as well as attempted escape". At resentencing, defense counsel did not disagree when the court stated: "I want the record to show that the prosecutor does not agree with me and, I believe, neither does the probation department * * * and perhaps, neither does defense counsel."

"An appeal may be taken by and on behalf of the people of this state from a court of record in all criminal cases, in any of the following instances:

"(a) From a decision or judgment quashing or setting aside an indictment, information, or other charging instrument, or a count thereof, where that decision or judgment is based upon the invalidity or construction of the statute upon which the indictment, information, or other charging instrument is founded.

"(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indictment, information, or other charging instrument, where the decision is based upon the invalidity or construction of the statute upon which the indictment, information, or other charging instrument is founded.

"(c) From a decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy, or from another order of the court relative to admission of evidence or proceedings had or made before the defendant is put in jeopardy."

In *People v Cooke,* 113 Mich App 272, 279; 317 NW2d 594 (1982), *lv den* 414 Mich 874 (1982), this Court held that "a prosecutor has no right to appeal outside the express provisions of MCL 770.12; MSA 28.1109".

On the authority of *People v Cooke, supra,* we hold that the prosecution has no authority to appeal the circuit court's sentencing order in this case. The Legislature has not provided express authorization for appeals by the prosecution from sentences, valid or invalid.

Our holding is not at odds with the Supreme Court's decision in *People v Whalen,* 412 Mich 166; 312 NW2d 638 (1981), where the Court granted the prosecution's request that the trial court's resentence order be vacated and that the original, valid sentences be reinstated. For a trial court to set

aside a valid sentence and impose a new one would, according to the °Court, impermissibly infringe on the Governor's exclusive power under the constitution to commute sentences. *Whalen, supra,* p 169. Const 1963, art 5, § 14.

The circumstances of the instant case differ significantly from those in *People v Whalen, supra.* As discussed *infra,* neither of the two sentences imposed by the trial court in this case was valid. This case, therefore, presents no confrontation between the judiciary and the executive branch. In the absence of such constitutional confrontation, we decline to recognize a right of appeal by the prosecution outside the limited circumstances enumerated in MCL 770.12(1); MSA 28.1109(1). See, also, *People v Robinson,* 118 Mich App 220; 324 NW2d 795 (1982), and *People v Rush,* 118 Mich App 236; 324 NW2d 586 (1982).

Nevertheless, because we are persuaded that review is clearly warranted in this case and because of the somewhat unsettled nature of the question of appeals by the prosecution,[2] we exercise our discretionary authority under GCR 1963, 820.1(7), and consider the prosecution's claim of appeal as a complaint for an order of superintending control. GCR 1963, 711.4(a). The trial court had a clear legal duty, as discussed *infra,* to sentence defendant under the proper statute. Violation of that duty presents an appropriate occasion for the exercise of superintending control. See *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972); *People v Flint Municipal Judge,* 383 Mich 429; 175 NW2d 750 (1970).

The statute on general attempts to commit a

---

[2] See *People v Conte,* 104 Mich App 73, 77-83; 304 NW2d 485 (1981), which was expressly disapproved in *People v Cooke, supra,* p 278, fn 1.

crime, upon which the court relied in resentencing defendant in this case, applies only "when no express provision is made by law for the punishment of such attempt". MCL 750.92; MSA 28.287. The statute under which defendant was charged and convicted expressly provides punishment for attempted prison escape. MCL 750.193(1); MSA 28.390(1). The court's refusal to impose sentence under the proper statute resulted in the improper exercise of its sentencing discretion and the imposition of an invalid sentence of from 1-1/2 to 2-1/2 years in prison. *People v Whalen, supra,* p 170.

In the exercise of our superintending control over the circuit court, we order that the 1-1/2- to 2-1/2-year sentence be vacated. We decline, however, to grant the prosecution's request for reinstatement of the original sentence.

The Supreme Court has repeatedly indicated the important function served by presentence reports. "It is vitally important to the defendant and to the ends of justice that the sentence be based upon accurate information." *People v Malkowski,* 385 Mich 244, 249; 188 NW2d 559 (1971). See, also, *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980). A sentence which is based on inaccurate information is invalid. *People v Whalen, supra,* p 170. Because the trial court's original determination of sentence in this case was based, at least in part, on its consideration of the inaccurate statement in the presentence report that defendant had been convicted of prison escape, we are persuaded that the dictates of justice require resentencing.[3]

[3] Defendant was convicted of attempted prison escape under MCL 750.193; MSA 28.390. That statute provides that the maximum punishment for both completed and attempted escape is five years imprisonment. At the sentencing, the trial court in this case demonstrated his familiarity with the evidence which supported defendant's conviction. Arguably, therefore, the court's misperception of the exact nature of the jury's verdict did not affect his exercise of sentencing

Remanded for resentencing. An updated presentence report shall be prepared and shall be utilized by the judge assigned to resentence defendant. *People v Triplett, supra.*

---

discretion. Review of the record, however, persuades us that the court attached some significance to the distinction between attempted and completed escape and that his determination of sentence may have been influenced thereby. Under these circumstances, the ends of justice will be best served by remand for resentencing.