WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE

Docket No. 84692. Submitted March 10, 1986, at Detroit. Decided November 17, 1986. Leave to appeal denied, 428 Mich —.

Jerry D. Prysock was charged in Recorder's Court of Detroit with second-degree murder. Pursuant to a plea agreement, Prysock pled nolo contendere to a charge of manslaughter and was sentenced to five years' probation, the first 140 days of which were to be served in jail, Dalton A. Roberson, J. Credit was given for 139 days already served. The court also ordered Prysock to pay funeral expenses for the victim, to pay $750 in court costs, to enroll in an alcohol treatment program, and to report to the probation department on a monthly basis. The prosecuting attorney did not object to the trial court or otherwise indicate disapproval with the sentence imposed and did not ask the court to provide a more elaborate statement of its reasons for the sentence imposed, but filed a complaint for superintending control in the Court of Appeals seeking review of the trial court's decision regarding the length and nature of sentence imposed on Prysock. The parties were ordered to proceed to a full hearing on the merits and to brief the law regarding appellate review of criminal sentences.

The Court of Appeals *held:*

An action for superintending control brought by a prosecutor is not an appropriate method for reviewing a claim that a trial court abused its discretion in sentencing a defendant.

Order denied.

CRIMINAL LAW — SENTENCING — PROSECUTING ATTORNEYS — APPEAL — SUPERINTENDING CONTROL.

An action for superintending control brought by a prosecutor is not an appropriate method for reviewing a claim that a trial court abused its discretion in sentencing a defendant.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Courts §§ 111 *et seq.*

See the annotations in the Index to Annotations under Sentence and Punishment.

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for plaintiff.

*Gerald K. Evelyn,* for Jerry D. Prysock.

Before: T. M. BURNS, P.J., and WAHLS and T. R. THOMAS,* JJ.

PER CURIAM. The issue in this case is whether a prosecutor is entitled to appellate review of a sentencing court's decision regarding the length and nature of a criminal defendant's sentence. We hold generally that a prosecutor does not have the authority to challenge a sentencing court's exercise of discretion in sentencing.

In this case, Jerry D. Prysock pled nolo contendere to a charge of manslaughter, MCL 750.321; MSA 28.553. The Recorder's Court judge who presided over the case sentenced Prysock to five years' probation with the first 140 days to be served in jail. Credit was given for 139 days already served. The court also ordered Prysock to pay funeral expenses for the deceased, to pay $750 in court costs, to enroll in an alcohol treatment program, and to report to the probation department on a monthly basis.

On April 30, 1985, the prosecution filed a complaint for superintending control in this Court. We thereafter ordered the parties to proceed to a full hearing on the merits in the same manner as in an appeal as of right, but we also ordered the parties to brief the law regarding appellate review of criminal sentences when a prosecutor seeks such review.

In *People v Coles,* 417 Mich 523; 339 NW2d 440

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1983), the Supreme Court expanded the scope of appellate review of sentencing to include consideration of the trial court's exercise of discretion in sentencing. However, the major thrust of *Coles* was to grant defendants a right to appeal the trial court's exercise of discretion in sentencing. The Supreme Court in *Coles* explicitly stated that it took no position at that time regarding the prosecutor's right to appeal the length of a defendant's sentence.

Subsequently, in *People v Cooke,* 419 Mich 420; 355 NW2d 88 (1984), the Supreme Court held that a prosecutor has no right to appeal outside the express provisions of MCL 770.12; MSA 28.1109, which contains no express authorization for prosecutorial appeals of sentences.

The question remains as to whether a sentencing court's exercise of discretion in sentencing may be reviewed pursuant to a prosecutor's complaint for an order of superintending control. Recently, in *People v Rehkopf,* 422 Mich 198; 370 NW2d 296 (1985), while the majority did not address the issue, Justice BOYLE, in her dissenting opinion, discussed the issue of a prosecutor's ability to seek appellate review of sentences. Justice BOYLE expressed her opinion that in certain circumstances review of sentences is permitted by use of an order of superintending control. Justice BOYLE explained:

> This Court has held that the superintending control order is an appropriate method for reviewing a claim that an inferior court has acted without authority, or has failed to act where it has a clear legal duty to do so. *People v Flint Municipal Judge,* 383 Mich 429; 175 NW2d 750 (1970). Moreover, an improperly denominated pleading may be treated as a complaint for an order of superintend-

ing control in appropriate circumstances. See *Falk v State Bar of Michigan,* 411 Mich 63, 86; 305 NW2d 201 (1981); *People v Wilkins,* 121 Mich App 813, 817; 329 NW2d 500 (1982). [422 Mich 226-227.]

Justice Boyle did not suggest that an order of superintending control would be appropriate in situations other than where the trial court acted without authority or failed to act where it had a clear legal duty to do so.

In addition to Justice Boyle's dissent in *Rehkopf,* this Court had previously indicated that a superintending control order is an appropriate method for reviewing a claim that a trial court acted without authority or failed to act where it had a clear legal duty to do so in connection with sentencing. See *People v Larkins,* 142 Mich App 679; 369 NW2d 882 (1985); *People v Wilkins,* 121 Mich App 813; 329 NW2d 500 (1982). In *Wilkins, supra,* the trial court sentenced the defendant under the wrong statute. This Court held that a superintending control order was an appropriate method of review because the lower court had a clear legal duty to sentence the defendant under the proper statute. In *Larkins, supra,* the three defendants were each given probation plus ninety days in jail for armed robbery. This Court held that the sentencing was void because armed robbery is not a probationable offense. Neither case involved a prosecutor's challenge to the court's exercise of discretion in sentencing. Rather, both cases involved situations where the sentencing court acted contrary to statute and imposed an invalid sentence.

The present case simply involves a challenge to the trial court's exercise of discretion in sentencing. We believe that a superintending control or-

der is inappropriate under such circumstances.[1] The facts of this case do not indicate that the sentencing court acted without authority or failed to act where it had a clear legal duty to do so. We refuse to expand the use of our superintending control power to review an exercise of discretion.

In conclusion, we find that a superintending control order is not an appropriate method for reviewing the claim that the sentencing court abused its sentencing discretion in this case.

---

[1] We suggest that prosecutors exhaust the available alternatives at the trial court level. We note that the prosecutor did not object or otherwise indicate his disapproval to the court after the court determined sentence. Nor did the prosecutor request the court to provide a more elaborate statement of its reasons for the sentence imposed. The arguments in support of a more lengthy sentence should be presented to the sentencing court.