OAKLAND COUNTY PROSECUTOR v 52ND DISTRICT JUDGE

Docket No. 100649. Submitted March 8, 1988, at Detroit. Decided August 19, 1988.

Gregory A. Church pled guilty in the 52nd District Court, Second Division, to operating a vehicle while under the influence of intoxicating liquor and possession of marijuana. The district court, Gerald E. McNally, J., sentenced Church on December 22, 1986, to a ninety-day jail term and indicated that the sentence would be reconsidered on January 21, 1987. On January 21, 1987, the court decided to delay imposition of the remaining sixty days of jail time until October 7, 1987, with Church's progress at rehabilitation to be considered at that time. The Oakland County Prosecuting Attorney filed a complaint for superintending control in the Oakland Circuit Court contending that the district court's actions of January 21, 1987, were outside the scope of its authority. The circuit court, Gene Schnelz, J., denied the complaint. The prosecutor appealed.

The Court of Appeals *held:*

1. It was within the circuit court's discretion to entertain the complaint for superintending control based on the premise that the modification of the original sentence was wholly illegal. The denial of the relief requested was an abuse of the circuit court's discretion.

2. Whatever power a sentencing judge has to suspend a sentence disappears once the sentence begins. The authority of a trial judge over a criminal defendant ceases when a valid sentence has been pronounced and the defendant enters upon his imprisonment. An expressed intention to review the sentence could not create a power in the sentencing court which it did not have.

Reversed and remanded.

REFERENCES

Am Jur 2d, Courts §§ 111 *et seq.*
Am Jur 2d, Criminal Law §§ 557 *et seq.*
Am Jur 2d, Pardon and Parole §§ 5, 23, 31.
Inherent power of court to suspend for indefinite period execution of sentence in whole or in part. 73 ALR3d 474.

1. SUPERINTENDING CONTROL — MODIFICATION OF SENTENCES.

   It is within the discretion of a circuit court to entertain a complaint for superintending control based on the premise that a district court's modification of a criminal defendant's original sentence was wholly illegal (MCR 3.302).

2. CONSTITUTIONAL LAW — SENTENCING — GOVERNOR — COMMUTATION.

   The power to commute a sentence is a power reserved by the constitution exclusively to the Governor (Const 1963, art 5, § 14).

3. CRIMINAL LAW — SENTENCING — SUSPENSION OF SENTENCES.

   The suspension of a sentence temporarily or indefinitely postpones the imposition or the commencement of the sentence; whatever power a trial judge has in this regard disappears once the sentence begins; the authority of the trial judge over the defendant ceases when a valid sentence has been pronounced and the defendant enters upon his imprisonment.

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for appellant.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for Judge Gerald E. McNally.

Before: MCDONALD, P.J., and HOLBROOK, JR., and T. R. THOMAS,* JJ.

PER CURIAM. Gregory Allen Church pled guilty to operating a vehicle while under the influence of intoxicating liquor, MCL 257.625; MSA 9.2325, and possession of marijuana, MCL 333.7403, subds (1) and (2)(d); MSA 14.15(7403), subds (1) and (2)(d). At sentencing on December 22, 1986, the district court imposed a ninety-day jail term and then indicated that the sentence would be reconsidered on January 21, 1987. On January 21, 1987, the court decided to delay imposition of the remaining

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sixty days of jail time until October 7, 1987, with the caveat that the progress of Church's rehabilitation would be considered at that time. Church was then released from the custody of the county jail. Contending that the district court's actions of January 21, 1987, affecting the sentence were outside the scope of its authority, the prosecutor filed a complaint for superintending control, which was denied by the circuit court. We reverse.

Pursuant to MCR 3.302, we conclude that it was within the discretion of the circuit court to entertain a complaint for superintending control based on the premise that the modification of the original sentence was wholly illegal. *People v Wilkins,* 121 Mich App 813, 815-818; 329 NW2d 500 (1982); *People v Grier,* 152 Mich App 129, 131-132; 393 NW2d 551 (1986), lv den 425 Mich 878 (1986). On the merits of this appeal, we conclude that the denial of the relief requested was an abuse of discretion.

In *People v Whalen,* 412 Mich 166; 312 NW2d 638 (1981), it was recognized that the modification of a valid sentence offended the constitutional power conferred upon the Governor to commute sentences pursuant to Const 1963, art 5, § 14. Even more to the point is *People v Garcia,* 118 Mich App 676; 325 NW2d 540 (1982), where the trial court initially imposed a six-month jail term and then suspended the remainder of the term midway through its completion. This Court invalidated that suspension, holding:

> Defendant does not contest this principle, and does not contend that the original sentence was invalid. Defendant argues, however, that the action of the trial judge in granting defendant's motion to suspend the sentence was not a change of sentence or a resentencing, but was a suspen-

sion of sentence which was within the court's power. We disagree.

The suspension of a sentence temporarily or indefinitely postpones the imposition or the commencement of the sentence. Whatever power a trial judge has in that regard disappears once the sentence begins. "The authority of the trial judge over the defendant ceases when a valid sentence has been pronounced and the defendant enters upon his imprisonment." 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 751, p [581]. See, also, *People v Barfield,* 411 Mich 700; 311 NW2d 724 (1981).

If the power to suspend included the power to interrupt a sentence already commenced and to absolve the defendant from serving the balance, it would be indistinguishable from the power to commute—a power which, according to *People v Whalen, supra,* is reserved by the constitution exclusively to the governor.

At the time of sentencing, the trial court indicated on the record that it intended to review the sentence after three months had been served. We do not see how this improves defendant's position. An expressed intention to review the sentence could not create a power in the court which it did not have. [*Id.,* pp 679-680.]

The analysis of *Garcia* is directly controlling. Church's original jail term is not alleged to be contrary to statute or otherwise illegal. Church was not given probation. Accordingly, we reverse and remand with the direction that Church's original sentence be reinstated and that the remainder of the jail term be served immediately.

Reversed and remanded.